IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CONNIE RANDALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 02-CV-742-TCK-FHM |
| TRAVELERS CASUALTY & SURETY ) | |
| COMPANY, formerly known as AETNA ) | |
| LIFE AND CASUALTY COMPANY ) | |
| ) | |
| Defendant and Third- ) | |
| Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE ESTATE OF RICHARD D. ) | |
| RANDALL, SR., ) | |
| ) | |
| Third-Party Defendant. ) | |

## OPINION AND ORDER

Before the Court is the Order and Judgment of the Tenth Circuit Court of Appeals dated October 19, 2006 ("Order and Judgment"), wherein the Tenth Circuit reversed this Court's grant of summary judgment to Defendant Travelers Casualty & Surety Company ("Defendant") on Plaintiff's breach of contract claim and affirmed this Court's grant of summary judgment to Defendant on Plaintiff's bad faith claim. (*See* Doc. 40.)[1] Following the Order and Judgment, Plaintiff filed a Status Report stating that the Order and Judgment resolved the major controversy between the parties but that there were some remaining issues to be resolved. On March 16, 2007, Plaintiff filed the instant Motion for Summary Judgment (Doc. 47), to which Defendant filed a response.

---

[1] The facts of the case are set forth in the Order and Judgment and will not be repeated here.

The parties agree that Plaintiff is owed a judgment from Defendant in the amount of $96,250.00. This amount represents seventy-seven accrued payments under a contract entered by Plaintiff and Defendant on August 22, 1984 (the "Contract"). The parties also agree that Plaintiff is owed prejudgment interest on this amount. The only disagreement between the parties is the rate and method of calculation of prejudgment interest. Plaintiff calculates prejudgment interest in the total amount of $22,627.17.[2] Plaintiff used differing interest rates for each respective year that the amounts were due and owing,[3] and Plaintiff calculated the interest for each year based on the entire $96,250.00 owed. (Mot. for Summ. J. 6.) Defendant calculates prejudgment interest in the total amount of $18,768.75. Defendant used a six-percent interest rate,[4] and Defendant calculated the monthly interest based on the amount of the accrued principal. (Resp. to Mot. for Summ. J. Ex. 1.) There are no issues of material fact, and the question of law is ripe for determination.

"Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." *Withrow v. Red Eagle Oil Co.*, 755 P.2d 622, 624 (Okla. 1988). Under Oklahoma law, recovery of interest on a judgment must be based upon a statute. *State ex rel. State Ins. Fund v. Accord Human Resources, Inc.*, 82 P.3d 1015, 1018 (Okla. 2003). Plaintiff has asserted three statutory grounds for prejudgment interest: (1) Okla. Stat. tit.

---

[2] In addition to this amount, Plaintiff requests $27.03 per day for every day after April 1, 2007 (the last date payment was due under the Contract) until the date of judgment. Plaintiff did not cite authority for this request, and the Court will not award this additional amount.

[3] Plaintiff did not explain the source of his chosen interest rates for each year.

[4] Defendant derived a six-percent interest rate from Oklahoma statute. *See* Okla. Stat. tit. 15, § 266 ("The legal rate of interest shall be six percent (6%) in the absence of any contract as to the rate of interest . . . ."); *see also State ex rel. State Ins. Fund v. Accord Human Resources, Inc.*, 82 P.3d 1015, 1018 (Okla. 2003).

23, § 6 ("Title 23, Section 6") (mandating award of prejudgment interest in cases where damages are "certain, or capable of being made certain by calculation, and the right to recover is vested in him upon a particular day"); (2) Okla. Stat. tit. 23, § 22 ("Title 23, Section 22") (mandating award of prejudgment interest in cases where the recovery is based on the "breach of an obligation to pay money only"); and Okla. Stat. tit. 12, § 727(E) ("Title 12, Section 727(E)") (mandating award of prejudgment interest in cases involving "a verdict for damages by reason of personal injuries or injury to personal rights"). When prejudgment is awarded based on Title 23, Section 6, interest is calculated based on the six-percent rate set forth in Title 15, Section 266 ("Title 15, Section 266") of the Oklahoma Statutes. *See Cable v. State of Oklahoma ex rel. Okla. Police Pension and Retirement Bd.*, 31 P.3d 392, 399 (Okla. Ct. App. 2001) (remanding case for calculation of interest at six-percent rate where underlying statute authorizing award was Title 23, Section 6); *Tillman v. Camelot Music, Inc.*, No. 02-CV-761, 2005 WL 3436484, at *3 (N.D. Okla. 2005) (holding that "[Title 23, Section 6] is applicable, and plaintiff is entitled to prejudgment interest from June 12, 1992 at the statutory rate of six percent (6%) per annum") (citing Okla. Stat. tit. 15, § 266). The same is true if prejudgment interest is awarded based on Title 23, Section 22. *See Accord Human Resources, Inc.*, 82 P.3d 1015, 1018 (Okla. 2003) (concluding that trial court properly calculated prejudgment interest at six percent where underlying statute authorizing award was Title 23, Section 22). In contrast, when prejudgment interest is awarded based on Title 12, Section 727(E), prejudgment interest is computed based on Section 727(I), which computes prejudgment interest "using a rate equal to the average U.S. Treasury Bill rate of the preceding calendar year . . . plus four percentage points." *See* Okla. Stat. tit. 12, § 727(E) & (I).

Accordingly, a six-percent interest rate applies in this case unless Plaintiff has demonstrated that prejudgment interest is authorized pursuant to Title 12, Section 727(E). Plaintiff has not done

so. As argued by Defendant, the judgment in the amount of $96,250.00 is based on a contractual relationship with Defendant. Although Plaintiff did suffer personal injuries, such injuries were caused by the uninsured motorist and not by Defendant. Plaintiff's recovery against Defendant in this case is based purely on a contractual relationship and cannot be considered "a verdict for damages by reason of personal injuries or injury to personal rights" as required by Title 12, Section 727(E). Instead, prejudgment interest is governed by either Title 23, Section 6 or Title 23, Section 22. Therefore, the proper interest rate to be applied is the six-percent rate set forth in Title 15, Section 266. The Court further finds that Defendant has employed a proper method of calculation by calculating the interest based on the amount due for each particular month, rather than the entire amount. *See Fidelity-Phenix Fire Ins. Co. of N.Y. v. Bd. of Ed. of Town of Rosedale*, 204 P.2d 982 (Okla. 1949) (stating that "where there is a contract to pay money on a day certain . . . interest will be allowed from such date").

Plaintiff's Motion for Summary Judgment (Doc. 47) is DENIED. Instead, prejudgment interest is awarded in the amount of $18,768.75, as calculated by Defendant in Exhibit 1 to its Response to Plaintiff's Motion for Summary Judgment.

ORDERED this _2_ day of AUGUST, 2007.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE